Loíza Sugar Company, Plaintiff and Appellant, *v.* Baquero & Co., Defendants and Appellees.

Appeal from the District Court of San Juan in an Action for Performance of Contract.

No. 2355.—Decided July 23, 1921.

Contract—Evidence.—Although the trial court may not rely on the conflict in the evidence, this court will decide in favor of the defendant when the record shows an oath against an oath.

Id.—Non-commercial Contracts.—Contracts of the magnitude of the one involved in this case should be .evidenced by writing unless they fall clearly within the exceptions regarding non-commercial contracts.

The facts are stated in the opinion.

*Messrs. C. Coll Cuchí* and *G. Cruzado Silva* for the appellant.

*Messrs. J. Martínez Dávila* and *E. Campillo* for the appellees.

Mr. Justice Wolf delivered the opinion of the court.

The court below, in its opinion, found substantially as follows:

That the complainant alleged that on the 24th day of May, 1920, one of the managing partners of Baquero & Co. bought of the complainant through its president, Eduardo J. González, 320 sacks of sugar at the price of $23 a sack; that the said González was asked and agreed to give orders immediately to the factory at Canovanas to send by railroad on June 9, 1920, the sugar bought; that defendants refused to accept the sugar; that 160 sacks of sugar were actually placed on a car, but defendant refused to receive them; that the defendant denied the facts of the complaint and denied that there was any bill of sale or document to show such sale or any record made on the books of the defendants.

Then the court went on to say as follows:

"After a trial and examination of the evidence it appears that the evidence presented by the plaintiff tended to show that Casellas, through his agent, sold to Baquero & Co. the sugar referred to in the complaint which is in conflict with the averments of the said complaint and although the plaintiff had opportunity to request leave from the court to amend its pleadings and have them reconciled, it did not do so and has not done so up to the present time; but even if we disregard this and consider the matter on its merits, the court thinks that no contract of purchase and sale of sugar was shown by the plaintiff. Witness Casellas testified for the plaintiff that he made the sale of the sugar agreed upon by him with Baquero and Alberto Casini, managing partners of the defendant firm, and stated that the said contract was made orally, no other evidence than oral testimony having been introduced although the sum in question amounted to $18,400 which is more than the $300 alluded to in the Code of Commerce, section 51, the said statement having been controverted by the witnesses Baquero and Calcina.

"The court, in view of the nature and amount involved in the contract as well as of the evidence introduced by the parties, is of the opinion that the existence of the contract was not shown by the plaintiff, and therefore that it should dismiss, as it does hereby dismiss, the complaint, with costs and attorney fees."

The principal witness and agent of the appellant, Loíza Sugar Company, gave testimony tending to show that he made an arrangement for sale with Rafael Baquero and Alberto Casini. Alberto Casini denied the agreement. Rafael Baquero was away in Spain at the time of the trial, but his brother Enrique Baquero took the stand and was allowed to state, apparently without objection, that he and his brother were together all the day in question and that no such arrangement was made by his brother and that if his brother had made such an arrangement he would surely have communicated with him. The absence of Rafael Baquero might be a curious circumstance and a little against the defendants if it were not for the fact that the complaint does not state with which of the two brothers Baquero the contract was made, but simply that it was made with Señor Baquero. There was evidence introduced by the complainant showing that, along with other orders, they started to execute the alleged order from Baquero & Co., the complainant's agents giving instructions to their factory to load 160 sacks of sugar on a car, and this was actually done. Nevertheless, these acts of the complainant are in the nature of *res inter alios acta* and can not be binding on the defendants. While we might have some doubts, the conflict in the evidence was a matter for the court below and we do see enough in the record to disturb its finding.

The appellant also says, however, that the court, in its opinion, did not rely on the conflict of evidence, but placed its reliance exclusively on section 51 of the Code of Commerce which is as follows:

"Sec. 51.—Commercial contracts shall be valid and serve as the basis of an obligation and cause of action in suits, whatever may be the form or in whatever foreign language they may be executed, the class to which they correspond, and the amount involved, provided their existence is proven by some of the means established by the civil law. However, the testimony of witnesses shall not in itself

be sufficient to prove the existence of a contract wherein the amount involved exceeds 1,500 *pesetas* if no other evidence is adduced in support thereof.

"Telegraphic correspondence shall only be the basis of an obligation between contracting parties who have previously admitted this medium in a written contract, and provided the telegrams fulfill the conventional conditions or tokens which may have been previously fixed and agreed to by the contracting parties."

We think that the court's opinion is susceptible of being understood as also finding that there was a conflict in the evidence and in any event, even without the court's opinion, we should, feel bound to decide the case, for the reasons we have indicated, in favor of the defendants because the record shows an oath against an oath. The appellant says that section 51 of the Code of Commerce is not applicable because this was not a mercantile contract, or rather, it was one of the kinds of commercial contracts that was expressly excluded by section 326 of the said code inasmuch as it was for goods produced by the Loíza Sugar Company. Section 326 is as follows:

"Sec. 326.—The following can not be considered commercial:

"1. The purchase of goods destined for the consumption of the purchaser or of the person for whom they are bought.

"2. Sales made by owners and by farmers or cattlemen of the fruits or products of their crops or cattle, or of the goods in which their rents are paid them.

"3. Sales made by artisans in their workshops of the articles constructed or manufactured by them.

"4. The resale made by any person who is not a merchant, of the remainder of the stock laid in for his own consumption."

The appellees say that these sacks of sugar were sold for speculation and that such a sale is an exception to the latter cited section of the Code of Commerce. The character of the contract must be determined, not by the purposes for which the purchasers intended to use the sugar but on the origin of the sugar. If the complainant produced the sugar,

under section 326 of the Code of Commerce, a sale made by it was clearly not commercial and did not fall under section 51 of the said code. However this may be, the origin of this sugar was not shown. In other words, it was not shown that the Loíza Sugar Company was clearly within the exceptions enumerated in section 326, *supra*, and hence we are inclined to the view that section 51 of the Code of Commerce was clearly applicable and any doubts that we have we feel bound to resolve in favor of the spirit of the Code of Commerce that contracts of this magnitude should generally be evidenced by writing unless clearly within the exceptions indicated by section 326 of such code.

The judgment appealed from must be

*Affirmed.*

Justices Del Toro, Aldrey and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.